**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville
SEP 03 2026
KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**KEVIN WAYNE VANOVER,**

Plaintiff,

v.

OFFICER MICHAEL BINGNEAR, in his individual capacity; SERGEANT SCOTT VEGOTSKY, in his individual capacity; and CITY OF BLUE RIDGE, **GEORGIA,**

Defendants.

Civil Action No. 2:26-cv-00187-SCJ

# PLAINTIFF'S MOTION FOR PRIOR PERMISSION UNDER LOCAL RULE 7.1(A)(2) TO FILE CERTAIN LATER-ARISING MOTIONS, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Kevin Wayne Vanover, proceeding pro se, respectfully moves under Local Rule 7.1(A)(2) for prior permission to file, after the general motions deadline, the six narrow categories of motion identified in Part II below. Each category depends on an event that has not yet occurred and cannot occur before that deadline. Plaintiff does not seek open-ended permission to file motions generally, does not seek to extend the discovery period or any other date set by the Court, and does not ask the Court to decide now any question that such a motion might later present.

## I. PROCEDURAL BACKGROUND

1. Defendants first appeared by Answer on July 6, 2026. (Doc. 6.) Under Local Rule 26.2(A), the discovery period commenced thirty days thereafter, on August 5, 2026.

2. Local Rule 7.1(A)(2) provides that specific filing times for some motions are set forth in the Local Rules, and that all other motions must be filed within thirty days after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later. Thirty days from August 5, 2026 is September 4, 2026.

3. On August 10, 2026, the Court entered its Scheduling Order approving the Joint Preliminary Report and Discovery Plan and establishing April 3, 2027 as the close of discovery. (Doc. 17.) The Scheduling Order did not modify the general motions deadline.

4. Approximately seven months of the discovery period therefore falls after the general motions deadline. Motions arising from discovery conducted during those seven months are the subject of this request.

5. On August 17, 2026, Plaintiff served his first requests for production, first interrogatories, and first requests for admission on each Defendant separately. Applying the thirty-day periods of Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), together with the three additional days agreed by the parties and recorded at Section 11(a) of the Joint Preliminary Report (Doc. 15), and Rule 6(a)(1)(C), responses are due on or about September 21, 2026. That date falls approximately seventeen days after the general motions deadline.

6. Defendants' Initial Disclosures identify, among the evidence Defendants may use to support their defenses, body-worn camera video from Defendant Bingnear and Defendant Vegotsky. (Doc. 13 at 9.) No body-worn camera recording has been produced to Plaintiff as of the date of this motion.

7. Defendants' Initial Disclosures further identify Plaintiff's medical records among the documents Defendants may use. (Doc. 13 at 9.) Section 12 of the Joint Preliminary Report states that Plaintiff may seek a protective order limiting disclosure of his medical records to attorneys' and parties' eyes only if such records are requested in discovery. (Doc. 15 at 13.) No such request has yet been served on Plaintiff.

8. On August 6, 2026, Plaintiff requested issuance of six document subpoenas, and that request was denied by letter dated August 12, 2026. Plaintiff has separately moved concerning that disposition. Whether nonparty subpoenas will issue, and what compliance, objection, or motion practice may follow their service, cannot be known now.

## II. THE CATEGORIES FOR WHICH PERMISSION IS SOUGHT

Plaintiff seeks prior permission only as to the following six categories. Each depends on an event that has not yet occurred. Plaintiff does not seek permission to file motions generally.

(a) A motion under Federal Rule of Civil Procedure 36(a)(6) to determine the sufficiency of an answer or objection to a request for admission. Defendants' responses are not due until on or about September 21, 2026. No answer or objection exists today whose sufficiency could be tested. Local Rule 37.1 addresses motions to compel; to the extent a Rule 36(a)(6) motion is not governed by that rule, it falls within Local Rule 7.1(A)(2).

(b) A motion under Federal Rule of Civil Procedure 37(e) concerning electronically stored information that should have been preserved and is lost. Whether any such information has been lost cannot be known until Defendants respond to the discovery served on August 17, 2026, and produce or fail to produce the body-worn camera recordings identified in their own Initial Disclosures.

(c) An application for an order concerning preservation of evidence. Plaintiff does not presently contend that any evidence has been lost, and does not seek such an order now. Plaintiff seeks only permission to apply for one if a concrete preservation issue arises during the remaining discovery period.

(d) A motion under Federal Rule of Civil Procedure 26(c) for a protective order concerning Plaintiff's medical records. Defendants have identified Plaintiff's medical records as material they may use, and the Joint Preliminary Report already reflects that Plaintiff may seek such an order. The need will arise only if and when Defendants serve a request for those records.

(e) A motion under Federal Rule of Civil Procedure 30(a)(2)(A)(i) for leave to take more than ten depositions. The persons whose testimony may be necessary include the two individual Defendants, a corporate representative of the City, the Chief of Police, the Fannin County Sheriff's Office deputy identified in Defendants' Initial Disclosures, additional responding deputies, emergency medical personnel who responded to the scene, dispatch personnel, a records custodian, and City officials who handled Plaintiff's records requests. Whether the ten-deposition limit must be exceeded will depend on what written discovery produces.

(f) A motion arising from a nonparty subpoena under Federal Rule of Civil Procedure 45 that is properly brought in this Court, including a motion to compel compliance following a written objection under Rule 45(d)(2)(B)(i) and a motion under Rule 45(d) concerning expense. No subpoena has issued. Any objection to, dispute over compliance with, or question of expense arising from a nonparty subpoena necessarily postdates issuance and service, neither of which has occurred. Plaintiff notes two limits on this category. First, a motion to quash or modify a subpoena is ordinarily brought by the person subject to it rather than by the requesting party, and Plaintiff does not seek permission to file one. Second, Rule 45 commits such disputes to the court for the district where compliance is required. Plaintiff seeks permission only as to motions properly brought in this Court, which he anticipates will include subpoenas requiring compliance within this District.

Plaintiff further asks that any permission granted be limited by its own terms to a motion that arises from an event occurring during the discovery period established by the Scheduling Order, that could not reasonably have been filed by September 4, 2026, that is not governed by a separate specific filing deadline in the Local Rules or the Federal Rules, and that complies with every applicable conferral, informal resolution, jurisdictional, and procedural requirement, including the procedures set out in the Court's Standing Case Instructions.

Plaintiff does not ask the Court to displace any rule that supplies its own filing time. If a motion Plaintiff later files is governed by Local Rule 37.1 or by any other rule establishing a specific deadline, Plaintiff will file it under that rule and within that rule's time, and not in reliance on the permission requested here. Plaintiff seeks

this permission to guard against the possibility that a later motion is held to fall outside those rules, not to avoid them.

**III. ARGUMENT**

Local Rule 7.1(A)(2) contemplates precisely this circumstance by its own terms. It permits a party to file a motion after the general deadline where the party has obtained prior permission of the Court to file later. The rule thus recognizes that the thirty-day window will not accommodate every motion a case may require.

The six categories above share a single feature: each is triggered by an event that has not happened. A motion testing the sufficiency of a discovery response cannot be filed before the response exists. A motion concerning lost electronically stored information cannot be filed before production occurs or fails to occur. A motion for a protective order responding to a discovery request cannot be filed before the request is served. A motion concerning a nonparty subpoena cannot be filed before a subpoena issues. Requiring these motions to be filed by September 4, 2026 would require Plaintiff either to forgo them entirely or to file contingent, speculative motions addressed to disputes that do not exist and may never arise. Neither serves the Court or the parties.

The relief requested is narrow. It is limited to six identified categories, and only to the extent such a motion arises from discovery conducted within the discovery period already set by the Court. It seeks no general exception to Local Rule 7.1(A)(2). It does not alter the discovery period, the summary judgment deadline, the pretrial order deadline, or any other date. Any motion later filed under this permission would remain subject to every other applicable requirement,

including the conferral obligations and the informal resolution procedure set out in the Court's Standing Case Instructions, and to Local Rule 37.1 where that rule applies.

Defendants suffer no prejudice. This request neither shortens their time to respond to any discovery nor lengthens the period in which discovery may be taken. It preserves only Plaintiff's ability to seek relief that the Federal Rules already provide, at the time such relief becomes ripe.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant prior permission under Local Rule 7.1(A)(2) to file, after September 4, 2026, motions within the six categories identified in Part II, each limited to matters arising from discovery conducted within the discovery period established by the Scheduling Order, without modification of any existing deadline.

## FONT CERTIFICATION

Plaintiff certifies that this document was prepared in Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, in compliance with LR 7.1(D).

Respectfully submitted this 3 day of September, 2026.

Kevin Wayne Vanover
Plaintiff, Pro Se
P.O. Box 528
Marble, North Carolina 28905
(828) 557-2667
kwvanover22@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

**KEVIN WAYNE VANOVER,**

Plaintiff,

v.

OFFICER MICHAEL BINGNEAR, in his individual capacity; SERGEANT SCOTT VEGOTSKY, in his individual capacity; and CITY OF BLUE RIDGE, **GEORGIA,**

Defendants.

Civil Action No. 2:26-cv-00187-SCJ

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I served a true and correct copy of Plaintiff's Motion for Prior Permission Under Local Rule 7.1(A)(2) to File Certain Later-Arising Motions, and Incorporated Memorandum of Law by electronic mail, pursuant to the parties' agreement to electronic service recorded at Section 11(a) of the Joint Preliminary Report and Fed. R. Civ. P. 5(b)(2)(E), upon:

Austin L. Perry (alp@mrdelaw.com)
Taylor S. Howard (tsh@mrdelaw.com)
McClure, Ramsay & Dickerson, LLP
P.O. Drawer 1408, Toccoa, Georgia 30577

Charles S. Conerly (cconerly@smithconerly.com)
Smith Conerly, LLP
402 Newnan Street, Carrollton, Georgia 30117

This 3 day of September, 2026.

______________________________
Kevin Wayne Vanover
Plaintiff, Pro Se